■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LA RUSSO, Appellant.— Appeal from a judgment of the County Court of Montgomery County convicting defendant of attempted grand larceny, second degree. Appellant contends that the indictment is insufficient as failing to allege a "statement of the act constituting the crime" (Code Crim. Pro., § 275, subd. 2). The proof was that the crime was attempted when defendant tried to open a metal cash box with the aid of a screwdriver and appellant asserts that these alleged acts were required to be pleaded. The indictment fully complies with the statute defining larceny (Penal Law, §§ 1290, 1296) and with that setting forth the essentials of a sufficient indictment for larceny (Penal Law, § 1290-a) except, of course, as it charges and alleges an attempted larceny rather than larceny itself and we perceive no basis for a distinction on that ground. Appellant objects to a variance between the allegation of ownership of the property attempted to be stolen and the proof thereof. The indictment charges that at the Town of Florida in Montgomery County defendants attempted to steal "from the Mohawk Restaurant certain property owned by said Mohawk Restaurant" consisting of cash. The proof was that the money was owned by the operator of the service station physically "connected" with the restaurant at the Mohawk service area provided by the New York State Thruway Authority at a point on the Thruway in Montgomery County. There was no reference or objection to this difference at any time on the trial and the establishment was referred to throughout the trial, by the witnesses and both attorneys, as the Mohawk service station, the Mohawk service area and the Mohawk service center. There is no suggestion in the record nor any intimation upon the appeal that defendant was in any way prejudiced in preparation for or upon the trial or otherwise, unless upon the ground that he might be subjected to double jeopardy by reason of the misdescription. (See Code Crim. Pro., §§ 284, 285; *People* v. *Armlin*, 6 N Y 2d 231, 234.) In this case, however, that ground seems to us insubstantial, so readily identifiable even without reference to the record are the official service area location and the restaurant and service station businesses conducted upon it and in the same building. Indeed the pleading of the name of a corporate or individual owner or operator, which would ordinarily be deemed sufficient, might less readily identify the crime and its situs. Appellant's remaining objections seem to us so tenuous as to require no discussion; and we find the verdict amply warranted by strong and convincing evidence which was presented upon a trial remarkably free from objection and questionable rulings and submitted to the jury under an exemplary charge. The court commends John A. Kosinski, Jr., Esq., who was assigned to prosecute this appeal, for the able and conscientious manner in which he performed his assignment. Judgment unanimously affirmed.